UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
STACY C. BROWN,                 )
                                )
            Petitioner,         )
                                )
     v.                         )
                                ) Civ. Action No. 16-555 (ABJ)
UNITED STATES                   )
PAROLE COMMISSION *et al.*,     )
                                )
            Respondents.        )
_____  )

# MEMORANDUM OPINION

In this action for a writ of habeas corpus, petitioner Stacy C. Brown asserts that in March 2016, the United States Parole Commission issued a parole violator warrant "for various technical and law violations." Pet. at 1. As a result, he was arrested and held at the Central Detention Facility in the District of Columbia. Petitioner alleges that he was not provided a probable cause hearing within five days of the warrant's execution and served "undue 'dead' time" while awaiting a parole revocation hearing. *Id*. at 2.

Petitioner filed the instant petition to compel "absolute proof . . . that he is in fact" the right person identified in the warrant. He suggests that the Commission must show "that the fingerprints on the executed warrant are the same as those of the person arrested and fingerprinted for the 1979 crime." *See id*. at 2-3. Petitioner contends that without such proof "on the Respondents' part, he is being detained illegally" because "his absolute guilt has not been established." *Id*. at 4. And, as a result, the respondents have violated his "Constitutional Right

1

to not be falsely accused and/or illegally detained." *Id*. As relief, petitioner seeks an order expunging "any and all charges in this matter" and his "immediate release[.]" *Id*.

Petitioner is no longer in custody in the District of Columbia. *See* Dkt. No. 18 (noticing change of address to a residence in Landover, Maryland). Therefore, this habeas action will be dismissed as moot.[1] An order will issue separately.

AMY BERMAN JACKSON
United States District Judge

DATE: October 31, 2017

---

[1] The United States Parole Commission has shown that the challenged detention was based on a warrant issued in response to petitioner's alleged conduct while on parole from an aggregate prison sentence of 16 to 51 years imposed in 1981, following convictions in the Superior Court of the District of Columbia. *See* Gov't's Return at 3-4, Dkt. No. 12. The Commission has also pointed to reasonably reliable comparators, including petitioner's register numbers for both the D.C. Department of Corrections and the U.S. Bureau of Prisons and his own litigation history, to establish that petitioner is indeed the same person listed in the warrant. *See id*. 5-7. Petitioner has offered nothing to the contrary. *See generally* Traverse to Order to Show Cause [Dkt. # 17]. And, unless the court finds otherwise, "[t]he allegations of . . . an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true[.]" 28 U.S.C. § 2248. So the Court, finding no grounds to issue the writ, would deny the petition in any event.